# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In Re:* **J.M., J.M., and C.M.**

**No. 12-0900** (Calhoun County 11-JA-40, 41 & 42)

**FILED**

**January 14, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Mother files this appeal, by counsel Erica Brannon Gunn, from the Circuit Court of Calhoun County, which terminated Petitioner Mother's parental rights to her children by order entered on July 13, 2012. The guardian ad litem for the children, Tony Morgan, has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee Niezgoda, also filed a response in support of termination.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented in the parties' written briefs and the record, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

DHHR filed the abuse and neglect petition in the instant case in November of 2011, based on allegations that the children were living in unsafe and unsanitary conditions, that they witnessed their parents' domestic violence, and that they had easy access to drug paraphernalia in the home. In December of 2011, Petitioner Mother admitted to the home's unsafe living conditions and to the family's history of drug use and domestic violence. The dispositional hearing was originally scheduled for March of 2012, but was continued twice. In April of 2012, the circuit court called the case for disposition, but continued it to May of 2012. At the hearing in May of 2012, Petitioner Mother's counsel was present even though petitioner was not. The circuit court made findings that Petitioner Mother failed to participate in services, maintain contact with DHHR, visit with her children, or appear for her psychological tests. The circuit court terminated Petitioner Mother's parental rights by order entered in July of 2012. The father's parental rights were also terminated. Petitioner Mother appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire

1

evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner Mother argues that the circuit court abused its discretion in terminating her parental rights because she was not given proper notice of the dispositional hearing and was, therefore, unable to present testimony as to why she should receive further improvement period. Petitioner Mother asserts that the order setting the May 1, 2012, dispositional hearing was not entered until July 13, 2012. She relies on *In re Travis W.,* 206 W.Va. 478, 525 S.E.2d 669 (1999), where we remanded proceedings to the circuit court after it had merged the dispositional hearing with the adjudicatory hearing.

In response, the guardian ad litem and DHHR support the circuit court's termination order. Both argue that Petitioner Mother's absence from the case began long before the dispositional hearing. Further, even though Petitioner Mother did not receive proper written notice of the May 1, 2012, dispositional hearing, she was well aware that disposition was forthcoming and, moreover, was represented at the dispositional hearing by her counsel. No evidence has been presented to show that Petitioner Mother's own appearance would have altered the circuit court's decision to terminate her parental rights. DHHR further argues that the case of *In re Stephen Tyler R.*, 213 W.Va. 725, 584 S.E.2d 581 (2003), illustrates that due process can be had without the party's presence and distinguishes *In re Travis W.* from the instant case. In *In re Travis W.*, the sudden and unnoticed move by the circuit court to merge the two hearings did not allow the parent to prepare against termination of parental rights. In the instant case, however, Petitioner Mother and her counsel knew the case was headed for disposition and both were present when the circuit court scheduled the case for disposition in open court.

We find no error by the circuit court in terminating Petitioner Mother's parental rights. We have held as follows:

"[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover,

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, *W.Va.Code* [§] 49-6-5 [1977] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under *W.Va.Code* [§] 49-6-5(b) [1977] that conditions of neglect or abuse can be substantially corrected." Syllabus Point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 7, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (internal citations omitted). The children's tender ages and our review of the record support the circuit court's termination order.

This Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

[t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that

[i]n determining the appropriate permanent out-of-home placement of a child under *W.Va.Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard,* 185 W.Va. 648, 408 S.E.2d 400 (1991). S'

For the foregoing reasons, we affirm the circuit court's order terminating Petitioner Mother's parental rights to J.M., J.M., and C.M.

Affirmed.

**ISSUED:  January 14, 2013**

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II